Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered September 2, 2010, as amended October 28, 2010, convicting defendant, after a jury trial, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence. Defendant was properly convicted of two counts of second-degree burglary under Penal Law § 140.25 (2) based on his entries into a hotel’s employee locker room and a museum located in the same building as the hotel.
Each location constituted a dwelling within the meaning of the burglary statute. A building is a dwelling if it is “usually occupied by a person lodging therein at night” (Penal Law § 140.00 [3]). Where, as here, “a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and part of the main building” (Penal Law § 140.00 [2]; see also People v Quattlebaum, 91 NY2d 744 [1998]).
It is of no consequence that the employee locker room of the hotel was not used for residential purposes (see People v Dwight, 189 AD2d 566 [1st Dept 1993], lv denied 81 NY2d 885 [1993]). Similarly, the museum, which was “under the same roof” as the hotel, is a dwelling irrespective of whether there was “internal communication” between the two (Quattlebaum, 91 NY2d at 747).
The court’s imposition of consecutive sentences was lawful. *561 Defendant committed two separate and distinct acts of burglary because his acts “impacted different victims, were separated by place and were temporally differentiated, though in part overlapping” (People v Brown, 80 NY2d 361, 364 [1992]). Concur—Friedman J.P., Renwick, DeGrasse, Román, JJ.